HOOLAE PAOA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Paoa v. Commissioner
Docket No. 17596-92
United States Tax Court
T.C. Memo 1993-361; 1993 Tax Ct. Memo LEXIS 365; 66 T.C.M. (CCH) 377; August 17, 1993, Filed *365 Decision will be entered under Rule 155. Hoolae Paoa, pro se. For respondent: Kenneth W. McWade. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 69,472.12 in petitioner's Federal income taxes for 1989 and additions to tax of $ 17,368.03 under section 6651(a)(1) and $ 4,682.94 under section 6654. After concessions, the issues for decision are whether petitioner is entitled to deduct losses for an alleged horse breeding operation and whether petitioner is liable for the additions to tax determined by respondent. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Petitioner resided in Hawaii at the time his petition was filed. He did not file a 1989 Federal income tax return by the date on which such return was due and had not filed such a return as of the date of trial in June 1993. Petitioner had substantial income during 1989 from the sale of real property, but he neither filed estimated tax returns nor made any estimated tax payments with respect to any income *366 received during 1989. Sometime prior to 1989, petitioner acquired two cutting horses to be used as breeding studs. Petitioner incurred expenses in transporting the horses from Las Vegas, Nevada, to Hawaii and in showing and maintaining the horses. Petitioner did not, however, receive any income from breeding the horses prior to 1991. For years commencing with 1984, petitioner claimed losses from horse breeding and training activities. He claimed losses of $ 5,772 in 1984, $ 5,079 in 1985, and $ 34,600 in 1987. For 1986, petitioner reported expenses of $ 7,371 related to a horse activity and a loss of $ 250 on the sale of two colts. During the first 6 months of 1993, petitioner obtained 12 stud bookings at $ 650 each. OPINION Petitioner has the burden of proving that respondent's determination of additions to tax is erroneous and that petitioner is entitled to deductions not allowed by respondent. Rule 142(a); Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. T.C. Memo. 1972-133. Petitioner presented no evidence that his failure to file his return for 1989 was due to reasonable cause under section 6651(a) *367 or that his failure to pay estimated taxes was excused under the exceptions listed in section 6654. The additions to tax, therefore, must be sustained. Petitioner's claim of losses from horse breeding was first presented to the Court on the day of trial. It was not made in the petition but was tried with the consent of respondent. Rule 41(b). Petitioner testified that he intended to engage in a professional cutting horse breeding operation and that he dealt with well-known professionals in advertising and showing his cutting horses. He testified that he spent about half of his time in 1989 on his horse activity and that otherwise he engaged in trying to sell real estate. He stated that he also had a bicycle business that did not make a profit. He did not present any credible evidence that his horse activity could produce income that would recoup the substantial losses that he had reported for years prior to 1989 and belatedly claimed for 1989. Petitioner's losses from his horse activities are allowable only if petitioner engaged in those activities with an actual and honest profit objective. Dreicer v. Commissioner, 78 T.C. 642 (1982), affd. *368 without opinion 702 F.2d 1205 (D.C. Cir. 1983). Although his expectation of profit need not be reasonable, there must be a good faith objective of making a profit. Sec. 1.183-2(a), Income Tax Regs. The determination of whether the requisite objective exists is to be resolved on the basis of all of the facts and circumstances, and greater weight must be given to objective facts than to petitioner's mere statement of intent. Engdahl v. Commissioner, 72 T.C. 659, 666 (1979); sec. 1.183-2(a), Income Tax Regs.
Section 1.183-2(b), Income Tax Regs., lists some of the factors to be considered in determining whether an activity is engaged in for profit. The factors listed in the regulation are as follows: (1) The manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; *369 (7) the amount of occasional profits, if any, that are earned; (8) the financial status of the taxpayer; and (9) the elements of personal pleasure or recreation. These factors are not intended to be exclusive, and no one factor or majority of the factors need be considered determinative. Golanty v. Commissioner, 72 T.C. 411, 426-427 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). Petitioner's evidence was meager or nonexistent concerning the first five or the last two factors listed in the regulation. In this case, the most persuasive evidence is petitioner's history of losses and absence of occasional profits received or anticipated from the business. Petitioner presented no persuasive evidence of a plan in which his ownership of horses could result in a stream of income that would offset the ongoing and previously incurred losses. He cannot be allowed any deductions on this record. To reflect respondent's concessions, Decision will be entered under Rule 155.